State v. Stafford

---

STATE OF NORTH CAROLINA v. DUKE STAFFORD

No. 7118SC345

(Filed 23 June 1971)

**1. Criminal Law § 134— sentence to work on county properties**

Judgment sentencing defendant to imprisonment "in the custody of the Sheriff, Common jail of Guilford County, in any County Institution, under supervision of Board of County Commissioners" is not specific enough to sentence defendant under the authority of G.S. 148-32.

**2. Criminal Law § 138; Physicians, Surgeons and Allied Professions § 5.5— fine for practicing veterinary medicine without license**

Fine of "$500.00 to include the cost" for practicing veterinary medicine without a license is in excess of the maximum fine of $100 allowed by G.S. 90-187.

3. **Criminal Law § 142— continuation of suspended sentence — deficiency in judgment**

  Judgment providing that defendant be "continued on suspended sentence for a period of one year" is deficient in failing to specify or refer to any conditions of suspension.

4. **Criminal Law § 143— revocation of suspended sentence — necessity for findings as to violation**

  Judgment of the superior court affirming revocation of a suspended sentence by the district court must be vacated where the superior court judge failed to make any findings of fact as to what conditions of the suspended sentence defendant had violated.

APPEAL by defendant from *Long, Judge,* 8 January 1971 Session of Superior Court held in GUILFORD County.

Defendant was convicted in the Municipal-County Court for Greensboro and Guilford County on 20 September 1968 with the practice of veterinary medicine without a license in violation of G.S. 90-187. He was sentenced to a term of 30 days in the county jail which sentence was suspended, with the consent of defendant, for a period of two years upon conditions, including the condition he not engage in practice of veterinary medicine.

On 8 May 1969, after due notice to defendant, the District Court of Guilford County [The functions of the Municipal-County Court were taken over by the District Court on the first Monday in December 1968. G.S. 7A-131(2)] found that defendant wilfully violated the terms of his suspended sentence by practicing veterinary medicine in certain particulars on 11 November 1968, 16 November 1968, and 15 January 1969. The judgment of the District Court on 8 May 1969 was that prayer for judgment be continued from term to term, upon certain conditions, until the original two-year term of suspension expired. One of the conditions was that defendant not engage in the practice of veterinary medicine.

On 5 October 1970, after due notice to defendant the District Court of Guilford County found that defendant wilfully violated the terms of his suspended sentence in certain particulars on 15 November 1969. Upon this finding the District Court ordered the 30-day sentence, which had theretofore been suspended, invoked and commitment be issued. Defendant appealed to the Superior Court.

On 8 January 1971, after hearing evidence, the judge of Superior Court found that defendant violated the terms of his suspended sentence, and affirmed the judgment of the District Court. The judge of Superior Court thereupon undertook to order the 30-day sentence into effect, and undertook to add that in lieu of the active sentence defendant might pay a fine of $500.00 within a period of forty-eight (48) hours.

Defendant appealed to this Court.

*Attorney General Morgan, by Staff Attorney Davis, for the State.*

*Shreve & Morton, by Clyde A. Shreve and J. Bruce Morton, for defendant.*

BROCK, Judge.

It seems that the Courts of Guilford County have been uncommonly patient in their efforts to convince this defendant that he should not practice veterinary medicine without a license. It can be seen from the conviction of 20 September 1968, from the findings of the District Court on 8 May 1969, and the finding of the District Court on 5 October 1970, that the defendant violated G.S. 90-187 on five different occasions. Yet, he has only been charged with the one offense for which he stands convicted on 20 September 1968. A warrant could have been issued for each violation. " . . . [E]ach act of such unlawful practice shall constitute a distinct and separate offense." G.S. 90-187.

There is a strong inference from the evidence in the Superior Court that defendant was continually practicing veterinary medicine. An agent of the State Bureau of Investigation carried a dog to defendant's residence for treatment, and his description of defendant's basement during the examination and visit was, in part, as follows: " . . . And during this time I observed certain items in the basement. There were four animal cages downstairs in this basement area, and there was a metal table similar to the examining tables I have seen in veterinarian hospitals. And there was a refrigerator and one large table on the far wall behind this examining table that contained various bottles and boxes and items that I read on several of the boxes, mange treatment, flea and tick spray, pow-

ders. . . . There was an instrument cabinet to my left facing this table near the examining table. I could see different metal instruments inside of this cabinet that appeared to me to be types of instruments I have seen around hospitals. . . . On this examining table was a tray with liquid and string-like items. There was also some hypodermics lying there on this examining table and bottles with rubber tops on them and some other medicines or pills I was not able to identify. . . . " There was testimony of defendant's actual treatment and prescription of medication for the dog carried there by the SBI Agent.

Defendant does not contend that the evidence does not support a finding that he wilfully violated the terms of his suspended sentence. His only contention upon this appeal is that the judgment entered is erroneous and should be reversed.

The judgment entered in Superior Court reads as follows:

"It is ADJUDGED that the defendant be imprisoned for the term of thirty (30) days *in the custody of the Sheriff, Common jail of Guilford County in any County Institution, under supervision of Board of County Commissioners.* In lieu of the active sentence defendant may pay a fine of *$500.00 to include the cost* within a period of forty-eight (48) hours *and continued on suspended sentence for a period of one year.*" (Italics ours)

G.S. 15-200.1 provides that on appeal to the Superior Court from the revocation of suspended sentence by a District Court, the Superior Court may modify or revoke the terms of a suspended sentence. In this case the Superior Court undertook to modify the 30-day sentence to provide for the payment of a fine as an alternative to going to jail.

Defendant argues that the requirement of the judgment that he pay the fine within 48 hours deprived him of the right to appeal from the imposition of the excessive fine, and therefore the judgment should be reversed. Defendant is not in position to complain that he was granted 48 hours rather than being immediately placed in custody. His appeal stayed the execution of the entire judgment and defendant has suffered no loss of rights.

[1] That portion of the judgment quoted above which is in italics and reads "in the custody of the Sheriff, Common jail of

Guilford County in any County Institution, under supervision of Board of County Commissioners" is not specific enough to accomplish anything. It may be that the trial judge intended to sentence defendant under authority of G.S. 148-32, but he failed to be specific enough to accomplish that purpose.

[2] That portion of the judgment quoted above which is in italics and reads "$500.00 to include the cost" is in excess of the maximum fine of $100.00 allowed by G.S. 90-187.

[3] That portion of the judgment quoted above which is in italics and reads "and continued on suspended sentence for a period of one year" fails to specify or refer to any conditions of suspension.

We note *ex mero motu* that the last paragraph of the judgment provides for commitment to the State Department of Correction. This seems contrary to the possible intent of the sentence imposed.

[4] We further note, *ex mero motu,* that the judge of Superior Court failed to make any findings of fact concerning a violation of the terms of the suspended sentence imposed 20 September 1968. It would appear at first glance that defendant had been tried in Superior Court upon a charge of practicing veterinary medicine without a license, instead of being charged with violation of terms of a suspended sentence. The first paragraph of the judgment reads as follows:

> "In open court, the defendant appeared for trial upon the charge or charges of AFFF Practicing being a Veterinarian without a license. The court finds as a fact that the defendant did violate terms of the suspended sentence and affirms the sentence of the District Court and which is a violation of and of the grade of misdemeanor."

It seems clear that there are times when one of the judgment forms cannot be used with accuracy. From the recitals in this judgment it cannot be determined with accuracy what terms of what suspended sentence the judge has found that defendant violated, or what sentence of what District Court the judge undertook to affirm. This judgment tells very little about the accusation against defendant or the resolution of the controversy.

Unfortunately Judge Long made no findings of fact and we, therefore, cannot remand for entry of a proper judgment; it is necessary that the case be remanded for a complete new hearing in the Superior Court.

The judgment of the Superior Court entered in this cause on 8 January 1971 is vacated, and this cause is remanded to the Superior Court of Guilford County for hearing upon defendant's appeal from judgment of the District Court entered on 5 October 1970.

Judgment vacated.

Cause remanded.

Judges MORRIS and HEDRICK concur.